IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY MORRIS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 4:25-cv-00035-SRC |
| v. | |
| SONIC INDUSTRIES SERVICES, LLC, | Hon. Stephen R. Clark |
| Defendant. | |

I, Lauren Skelly, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.  I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify thereto, I could and would do so competently.

2.  I am Senior Director – Digital Guest Experience for the Defendant in this matter, Sonic Industries Services, LLC ("Sonic"). I have held this position since June 2024.

3.  I submit this Declaration in my professional capacity in support of "Defendant's Motion to Dismiss Plaintiff's First Amended Complaint" (the "Motion"), filed by Sonic contemporaneously herewith in the above-captioned litigation matter (the "Action").

4.  In my professional capacity, I am familiar with Sonic's business operations, policies, and practices, including but not limited to with respect to marketing communications to current or potential customers. I am also familiar with how those communications are made. Further, I am familiar with Sonic's business records described herein.

5.  All of the records described herein are regularly kept and/or maintained in the

1

course of business at Sonic, were made near or at the time of the act or event recorded or were made reasonably soon thereafter, and were made or maintained by an employee, agent, vendor, or other representative of Sonic. As part of my job responsibilities, I have access to and have reviewed such records, including for this Declaration.

6. Certain of the records described herein were created by businesses or persons other than Sonic, including records obtained from public resources. In that regard, my understanding and belief is that all such records were made by, or from information transmitted by, a person with knowledge of the events described therein, at or near the time of the event described, and were prepared and kept in the ordinary course of the regularly conducted business activity of such entities. My understanding and belief, based on my professional experience, is that the content of those records is reliable and accurate to the best of my knowledge. As part of its regular business practices, these records have been incorporated into Sonic's business records, and were reviewed by me for purposes of this Declaration.

7. I have also reviewed the first amended putative class action complaint (*see* ECF No. 11, the "Complaint") filed by Plaintiff Bobby Morris ("Plaintiff") in the Action, and am familiar with the allegations made against Sonic therein.

8. Nothing in this Declaration should be understood as an admission of liability by Sonic (which is expressly denied), or an admission of any fact alleged by Plaintiff in the Action, including as alleged in the Complaint.

9. Available records that I have reviewed for this Declaration reflect that, on October 10, 2020, at approximately 1:06 am, in response to a "call to action," Plaintiff sent an inbound text message with the keyword "STLOUIS" to the short code 876642 from a device associated with a

cell phone number beginning with a 636 are code and ending in 0403 (hereafter, the "Subject Number")[1], which I understand is the phone number referenced in Paragraph 22 of the Complaint.

10. In response to Plaintiff's inbound text message, Plaintiff received a text message stating: "SONIC Drive-In: Reply Y to get up to 10 promo msgs/mo. Consent not required/condition for purchase. Reply STOP to stop. Msg&Data rates may apply."

11. On October 10, 2020, Plaintiff replied with "Y," at which time he received an additional confirmatory text stating, "Thank you! Stay tuned for SONIC app & upcoming text offers."

12. Attached as **Exhibit A** are records demonstrating the opt-in using the Subject Number, as discussed above.

13. Plaintiff's "Y" reply message could only have been sent from someone in possession of Plaintiff's physical cell phone.

14. Sonic has conducted a diligent investigation and has not located any records or other evidence of an inbound "STOP" or other opt-out communication from the Subject Number at any time, including on November 6, 2024, as Plaintiff alleges in Paragraph 32 of the Complaint.

15. Sonic has confirmed that inbound "STOP" communications from other consumers were being received at all relevant times (including on November 6, 2024).

16. Sonic has found no evidence of any technical or other errors that would have prevented the receipt of a "STOP" request from the Subject Number or any other numbers during the relevant time period in this matter.

---

[1] Any confidential personally-identifying information has been redacted from the attached exhibits and has not been provided herein for confidentiality reasons, but can be provided on request.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 2, 2025, in Atlanta, Georgia.

By: /s/ Lauren Skelly
Lauren Skelly

# EXHIBIT A