

**2657 Mount Carmel Avenue
Glenside, PA 19038**

a@perronglaw.com  Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com  Fax (888) 329-0305

March 9, 2025

*VIA E-MAIL AND POSTAL MAIL*

Aaron Paul Heeringa
Manatt, Phelps & Phillips, LLP
151 North Franklin Street, Suite 2600
Chicago, IL 60606

Re:  Matters Pertinent to Your Motion to Dismiss
*Morris v. Sonic Industries Services, LLC*, No. 4:25-cv-00035-JMB, (E.D. Mo.)

Mr. Heeringa:

We write to address your habit of filing the same boilerplate motion to dismiss claiming that the plaintiff has insufficiently pled a case for direct liability against the named defendant. Your doing so in the instant case, despite repeated warnings and correspondence in other cases, demonstrate that you file such motions without any legitimate legal or factual basis and for the sole purpose of vexatiously multiplying the proceedings and increasing the costs of litigation needlessly in violation of both FED. R. CIV. P. 11(b)(1) and (4), as well as Section 1927 of the Judicial Code, Title 28 United States Code.

The instant motion is particularly egregious because it takes the position that your client did not send the subject text messages, which originated from the "short code" 876642, as pled in the Complaint, and as reproduced on the following page. (ECF No. 1, ¶ 28.)

/
/
/
/
/
/



Your client's *very own website* states the following, which our client followed *to the letter*:



*FAQ & Contact Sonic Drive In | Sonic*, https://www.sonicdrivein.com/contact-us/ [https://archive.md/EuD7l].

The fact that the 876642 short code is a short code owned by your client is also confirmed by various publicly-accessible databases:



*Short Code 876642 SMS Marketing Information By SonicDrive-InAlerts*, TEXTINGWORLD, https://www.textingworld.com/short-code/usa/876642.html [https://archive.md/wip/3ZuI4]

2

And, you knew that the 876642 short code was one that your client used because you admitted it in your Rule 408[1] email to my co-counsel, Anthony Paronich, where you stated "your client sent an inbound text with the keyword 'STLOUIS' to *a shortcode Sonic was using at the time*, from a device associated with the subject cell phone number in the complaint." (emphasis added). By your very own admission, you admit that the 876642 short code was a "shortcode [sic] Sonic was using at the time."

You filed the instant motion anyway, claiming, *inter alia*, that the "Plaintiff's Complaint reveals its fatal defects on the direct TCPA liability front from the very outset" and that a "third party physically sending a text and a defendant allegedly having some indirect involvement in that communication simply is not 'direct' TCPA liability as a matter of law." (ECF No. 10, p. 14–15.)

At the time you filed your motion, your position that the Plaintiff has inadequately pled a claim for direct liability, including on the specious basis that the Plaintiff has pled a theory of alternative liability against telephone service providers your client uses, was not reasonably supported based on the information known to you. In fact, it was directly contradictory to the information known to you and communicated to my co-counsel in this matter.

We reserve all rights, which we will pursue in this case, should these persistent issues not be rectified, including in attaching a copy of your email and this correspondence in any response to your motion.

> Very Truly Yours,
>
> Andrew R. Perrong, Esq.

---

[1] Rule 408 does not apply in this instance and would not prevent the admission of this email to demonstrate that your motion was filed in bad faith. FED. R. EVID. 408(b); *e.g.*, *Charter Commc'ns, Inc. v. Smith*, No. 4:05CV00333 SNL, 2005 WL 8176956, at *8 (E.D. Mo. Oct. 25, 2005) (rejecting contention that the court was precluded from considering Rule 408 communications in sanctions motion); *Agtegra Coop. v. Sacramento Energy Res., L.L.C.*, No. 3:23-CV-03032-ECS, 2024 WL 4452958, at *3 (D.S.D. Oct. 9, 2024) (considering Rule 408 communications in assessing contentions of improper purpose and undue delay).